UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLANDO SANCHEZ DE TAGLE,<br><br>Plaintiff,<br><br>v.<br><br>SANTA CLARA COUNTY,<br><br>Defendant. | Case No. 24-cv-07175-NC<br><br>**ORDER DISMISSING COMPLAINT WITH PREJUDICE BASED ON RES JUDICATA**<br><br>Re: ECF 9, 11 |

Self-represented Plaintiff Orlando Sanchez de Tagle[1] brings a claim for invasion of privacy against Santa Clara County District Attorney Olivia Mendoza. It is not his first case in this Court doing so. Upon screening the complaint as required by 28 U.S.C. § 1915, the Court finds that Plaintiff's claim is barred by res judicata based on judgment entered against him in a prior action. Accordingly, Plaintiff's complaint in this matter is DISMISSED with prejudice.

**I.    BACKGROUND**

    **A.**  *de Tagle v. Santa Clara County District Attorney's Office*, **No. 24-cv-03353-EKL (Prior Action)[2]**

Plaintiff filed an action alleging District Attorney Olivia Mendoza violated his

---

[1] Plaintiff has proceeded in various matters as either Orlando Sanchez de Tagle or Austin de Tagle.
[2] The Court consolidated the prior action with another case filed by Plaintiff, which the Court found was "identical." No. 24-cv-03480-SVK, ECF 12.

1  rights by way of invasion of privacy and violations of the American with Disabilities Act.
2  No. 24-cv-03353-EKL, ECF 1.  The Court granted Plaintiff's application to proceed *in*
3  *forma pauperis*, but, upon screening his complaint, determined 28 U.S.C. § 1915(e)
4  mandated dismissal because Mendoza's alleged conduct was protected by prosecutorial
5  immunity.  No. 24-cv-03353-EKL, ECF 13 (report and recommendation).  The Court
6  dismissed the complaint with prejudice and entered judgment against Plaintiff.  No. 24-cv-
7  03353-EKL, ECF 17 (adopting report and recommendation), ECF 18 (judgment).  Plaintiff
8  appealed to the Ninth Circuit, which granted voluntary dismissal of the appeal.  *See* No.
9  24-cv-03353-EKL, ECF 19, 23.

**B.** *de Tagle v. Santa Clara County*, **Case No. 24-cv-07175-NC (This Action)**

Plaintiff brings this action alleging one claim for invasion of privacy by District Attorney Olivia Mendoza.  ECF 1 (Compl.).  The Court granted Plaintiff's application to proceed *in forma pauperis* and, in screening the complaint, entered a stay of this case.  ECF 7.  The Court stayed the matter upon finding the complaint contains similar allegations and claims to Case No. 24-cv-03353-EKL, which was then on appeal.  ECF 7 at 2.  Following the dismissal of that appeal, the Court lifted the stay of this matter and ordered Plaintiff to show cause as to why his complaint should not be dismissed as barred by res judicata.  ECF 9.  Plaintiff responded.  ECF 11.

## II.  LEGAL STANDARD

The Court must review the complaint of any person proceeding *in forma pauperis* under 28 U.S.C. § 1915(a) and dismiss the complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc).  In doing so, courts construe complaints from self-represented litigants liberally.  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  A complaint may be dismissed at the screening stage if it is barred by res judicata.  *Wescott v. Moon*, No. 23-cv-06624-RFL, 2024 WL 3379684, at *1 (N.D. Cal. Apr. 16, 2024) (concluding "the Complaint cannot survive screening under section 1915" because

1  res judicata applied); *Love v. Macomber*, No. 23-cv-00790-DJC-EFB, 2023 WL 3645515,
2  at *1 (E.D. Cal. May 25, 2023) (raising the issue of res judicata *sua sponte* at the screening
3  stage); *see also Clements v. Airport Auth. of Washoe Cnty.*, 69 F.3d 321, 329 (9th Cir.
4  1995) (noting courts may raise res judicata on their own).

### III.  DISCUSSION

The doctrine of res judicata, or claim preclusion, prohibits the litigation "of any claims that were raised or could have been raised in the prior action." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (citation omitted). Res judicata applies where there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." *Id.* Here, each element is met, and res judicata applies.

#### A.  Identity of Claims

As to the first element of res judicata, "[t]he central criterion in determining whether there is an identity of claims between the first and second adjudications is 'whether the two suits arise out of the same transactional nucleus of facts.'" *Id.* (citation omitted).

Plaintiff's complaint raises the same claim for invasion of privacy against Mendoza as his prior action. Both claims are based on allegations that Mendoza demanded Plaintiff wear a GPS ankle monitor during a mid-December 2023 hearing for a state criminal matter, No. C2314686. Both claims allege that the ankle monitor's location-tracking function invaded Plaintiff's privacy and that Mendoza used his location against him. And both claims seek millions of dollars in damages. *See Love*, 2023 WL 3645515, at *2 (finding "action was premised on the same factual contentions and raised the same claims for relief" as prior action).

At the very least, Plaintiff's claim here arises from "the same set of facts as the allegations" in his prior complaint. *See Owens*, 244 F.3d at 714 (citation omitted). Although Plaintiff now offers additional allegations as to how Mendoza "used [Plaintiff's] location against" him, Compl. ¶ 11, the allegations are nonetheless premised on the ankle

3

1    monitor Mendoza allegedly demanded he wear in connection with his criminal case, and
2    her alleged monitoring of his location.  Plaintiff could have included these allegations in
3    his prior action.  *See McClain v. Apodaca*, 793 F.2d 1031, 1034 (9th Cir. 1986) ("[A
4    plaintiff] cannot avoid the bar of res judicata merely by alleging conduct by the defendant
5    not alleged in his prior action . . .").

Although Plaintiff states that he thought this case "would be differnt [*sic*] and allowed" because it is a "strictly invasion of privacy case," ECF 11, res judicata applies on a claim-by-claim basis.  It is irrelevant that Plaintiff's prior action included other claims in addition to invasion of privacy.  Plaintiff also contends the requested relief is "completely different."  ECF 11.  The Court is not convinced.

### B.    Final Judgment on the Merits

"Under res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. U.S.*, 440 U.S. 147, 153 (1979).  "[I]nvoluntary dismissal generally acts as a judgment on the merits for the purposes of res judicata." *Owens*, 244 F.3d at 714 (citation omitted).  As such, "the phrase 'final judgment on the merits' is often used interchangeably with 'dismissal with prejudice.'" *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002).

Plaintiff's prior action was dismissed with prejudice and without leave to amend. *See* No. 24-cv-03353-EKL, ECF 17 (adopting report and recommendation to dismiss with prejudice "in every respect" and dismissing without leave to amend).  The dismissal order and judgment were therefore final and on the merits. *See Westcott*, 2024 WL 3379684, at *2 (concluding "dismissal with prejudice and entry of judgment" in prior action screening a complaint "constitutes a final decision on the merits").  That Plaintiff voluntarily dismissed his appeal is inapposite because the Ninth Circuit's order and mandate did not disturb the Court's final judgment. *See* No. 24-cv-03353-EKL, ECF 23.

### C.    Identity or Privity Between Parties

Plaintiff's prior action named the Santa Clara County District Attorney's Office as the defendant in the caption of his complaint, but listed Mendoza as "Defendant 1" within

4

1   the text of the complaint and as the only "defendant[] who violated" his rights by invading

2   his privacy.  No. 24-cv-03353-EKL, ECF 1 at 2–3.  Here, Plaintiff names Santa Clara

3   County as the defendant in the caption of his complaint, but lists the Santa Clara District

4   Attorney's Office as "Defendant 1" in the text of the complaint, and Mendoza as the only

5   "defendant who violated" his rights by invading his privacy.  Compl. 2–3.

6       Despite these variations, the Court understands Plaintiff to bring his invasion of

7   privacy claims against Mendoza in both suits.  Although both complaints are "silent as to

8   whether plaintiff is suing defendant[] in [her] individual or official capacit[y] . . . it is fair

9   to say that plaintiff intends to sue [her] in [her] individual capacit[y]" because actions for

10  monetary damages may only be brought against state officials in their individual

11  capacities.  *See Love*, 2023 WL 3645515, at *3.  As a result, there is identity or privity

12  between the parties because Plaintiff sues the same defendant.

13      Because all three elements of res judicata are satisfied, Plaintiff's complaint is

14  barred and does not survive screening under section 1915.  *See* 28 U.S.C. § 1915(e).

15  Although Plaintiff asks that this matter move forward, ECF 11, courts do not have

16  discretion to ignore res judicata.  *See Owens*, 244 F.3d at 714.

17  **IV.  CONCLUSION**

18      Accordingly, the Court DISMISSES Plaintiff's complaint.  Amendment would be

19  futile because the complaint is legally barred.  The dismissal is therefore with prejudice.

20      **IT IS SO ORDERED.**

22  Dated:  January 22, 2025    _____
23      NATHANAEL M. COUSINS
        United States Magistrate Judge